# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-60227
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 21, 2013

Lyle W. Cayce
Clerk

LESIA BODY PHILLIPS,

Plaintiff - Appellant

v.

BESTWAY RENTAL, INCORPORATED,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:12-CV-48

Before BENAVIDES, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Before the Court is the appeal of a district court's decision to dismiss an employment discrimination case and compel arbitration in accordance with the terms of an agreement signed at the time of hiring. Plaintiff-Appellant Lesia Body Phillips argues that the court should not have compelled arbitration because the agreement and its delegation clause are unenforceable. She also argues that the court should have allowed her to conduct discovery on the issue

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of enforceability.  We review the decision to compel arbitration *de novo*, and the discovery order for abuse of discretion.  *See Bell v. Koch Foods of Miss., LLC*, 358 F. App'x 498, 500 (5th Cir. 2009); *Snap–on Tools Corp. v. Mason*, 18 F.3d 1261, 1264 (5th Cir. 1994).

As an initial matter, the parties disagree as to whether a federal court may even consider the issues presented herein.  The agreement included a delegation clause that reserves for the arbitrator the "exclusive authority to resolve any dispute relating to the interpretation, application, enforceability, or formation of this Agreement . . . ."  The Supreme Court has upheld this language, and has emphasized that where such a clause exists, the courts may consider a challenge to the clause, but must "leav[e] any challenge to the validity of the Agreement as a whole for the arbitrator."  *Rent-A-Center, W., Inc. v. Jackson*, --- U.S. ---, 130 S. Ct. 2772, 2775, 2779 (2010).  Consequently, we consider Phillips's arguments only to the extent that they challenge the delegation clause.

Phillips's arguments include that enforcement of the delegation clause is fundamentally unfair, that she cannot afford to arbitrate the issue, that she is unlikely to prevail via arbitration, and that she may not have understood what she was signing.  These arguments are not persuasive.  Concerns about expense and outcome are "too speculative" to warrant invalidation of an otherwise valid agreement.  *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91 (2000).  Moreover, we have previously reviewed and rejected the same arguments that Phillips presents here.  *See generally Bell*, 358 F. App'x 498 (unfairness, cost, outcome); *Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069 (5th Cir. 2002) (lack of understanding).  So the district court did not err in dismissing the case to arbitration.

With respect to discovery, we affirm unless the decision was "arbitrary or clearly unreasonable."  *Bell*, 358 F. App'x at 500.  Here, Phillips wanted to

No. 13-60227

discover evidence of her circumstances at the time she signed the agreement, and she intended to gather statistics regarding employment disputes submitted to arbitration. Even assuming that the proposed discovery was relevant to the narrow issue before the district court, the record indicates that Phillips never described any specific discovery request that might lead to evidence of her circumstances at signing. And as to the arbitration statistics, these data are readily available to the public without discovery.[1] Consequently, the court's denial of discovery was not arbitrary or unreasonable. *See Sunkyong Eng'g & Const. Co. LTD. v. Born, Inc.*, 149 F.3d 1174 (5th Cir. 1998) (affirming the denial of arbitrability discovery where party failed to indicate with any specificity the nature of discovery to be conducted).

AFFIRMED.

---

[1] Statistics are compiled by the American Arbitration Association and are analyzed by commentators and scholars. *See, e.g.*, Alexander J. S. Colvin, *An Empirical Study of Employment Arbitration: Case Outcomes and Processes*, 8 J. EMPIRICAL LEGAL STUD. 1 (2011).

3